EHLEN *v*. EHLEN.

1. DIVORCE—CROSS-BILL—EVIDENCE—SUFFICIENCY.
   In a suit by a wife for a divorce, the conclusion of the court below that plaintiff had failed to sustain the allegations of her bill of complaint, and that defendant was entitled to a decree on his cross-bill, *held*, justified by the evidence.

2. SAME—PROPERTY AWARD—ALIMONY.
   Of the court's award to the plaintiff of an equity valued at $4,000 in a house and lot, $600 in cash to be paid by defendant, all the household furniture, and $100 for attorney's fee, and to the defendant of a house and lot valued at $3,500, plaintiff has no just cause of complaint, although her earnings as well as defendant's contributed to the payments on the properties, where the parties had lived together only about 2 years and 4 months, and defendant had advanced $1,400 in payments before their marriage.

Appeal from Wayne; Marschner (Adolph), J.   Submitted October 11, 1921.   (Docket No. 76.)   Decided December 21, 1921.

Bill by Mary Ehlen against Frank Ehlen for a divorce.   Defendant filed a cross-bill asking for a divorce.   From a decree for defendant, plaintiff appeals. Modified and affirmed.

*Aldrich Baxter* (*William V. Capler*, of counsel), for plaintiff.

*Louis Ott*, for defendant.

SHARPE, J.   Plaintiff and defendant were married in October, 1916.   In December, 1918, defendant left the home and began a suit for divorce.   At plaintiff's

solicitation he returned. They lived together until February 7, 1919, when he again left. Six days later, this suit for divorce was commenced by plaintiff. She alleges extreme cruelty and non-support. Defendant, answering, denies all such allegations and by way of cross-bill charges extreme cruelty on the part of plaintiff and asks for a decree of divorce. The proofs were taken in open court. The conclusion of the trial court is thus stated:

"It can safely be said for the plaintiff, I think, in the case, that she was frugal, and was ambitious in her financial aspirations. I don't agree with counsel, however, that the plaintiff in this case has sustained the allegations of her bill of complaint in the matter of cruelty there set forth. That is, her conduct on the witness stand, in the court room, supported by that of her mother, do not influence me in that way. I have given the testimony in this case since the hearing began considerable thought, and am of the opinion now that the defendant in the case should be granted a decree of divorce from the plaintiff upon his cross-bill."

We think the evidence fully justified this conclusion. It will serve no useful purpose to set it forth or to discuss it.

Prior to the marriage, plaintiff owned the equity in a land contract for a house and lot on Duncan street in the city of Detroit by assignment from her former husband. The defendant had loaned her $100 with which to keep up the payments thereon. On July 28, 1916, a deed of this property was procured, title being taken in the name of defendant. There had then been paid approximately $1,300 on it and about $1,100 was yet due. A mortgage was given for $800, the balance being paid by defendant. This mortgage was subsequently paid. On July 31, 1916, also before the marriage, a house and lot on Canton street was purchased under contract made to plaintiff and defendant

jointly.    The price was $2,750, $900 of which was paid as a down payment by defendant.    A deed of this property was afterwards procured and a mortgage placed thereon, on which about $1,400 was unpaid at the time of the trial.    The trial court found the value of the Duncan street property to be $3,500 and the equity in that on Canton street $4,000.    It appeared that the plaintiff as well as the defendant had worked quite steadily during their married life and that her earnings as well as his had contributed to making the payments on these properties.    The court awarded her the Canton street property, $600 in cash to be paid by defendant within 6 months, all the household furniture, and $100 for attorney's fees. Of this we think she has no just cause for complaint. The time for making payment will be extended to January 1, 1922.

The decree, as thus modified, is affirmed, without costs to either party.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.